IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01284-KLM

JOHN F. SCHLIEKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
TRANSPORTATION SECURITY ADMINISTRATION (TSA), and
ROBERT GRIMES, Branch Chief,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#33][1] (the "Motion").[2] Plaintiff, who proceeds pro se,[3] filed a Response [#40], Defendant filed a Reply [#41], and Plaintiff filed a Surreply [#42]. The Court has reviewed the Motion, the Response, the Reply, the Surreply, the case record,[4] the applicable law, and is fully advised

---

[1] "[#33]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#35, #36, #38].

[3] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] The Court also considered Plaintiff's other filings in connection with its adjudication of the present Motion [#33]. *See* [#4, #6, #8, #9, #10, #12, #13, #14, #15, #17, #18, #19, #21, #22, #23,

-1-

in the premises. For the reasons set forth below, the Motion [#33] is **GRANTED**.

**I. Background**

In mid-February 2016, Plaintiff flew from Phoenix, Arizona to Denver, Colorado, with "multiple [tax-related] files, folders, and paperwork" in his checked baggage. *Am. Compl.* [#27] at 1-2. Upon arriving in Denver, Plaintiff opened his baggage to find the documents missing, replaced by a Transportation Security Administration ("TSA") "Notice of Baggage Inspection." *Id.* at 1; *Notice of Baggage Inspection* [#1] at 10.[5] The TSA's failure to repack the documents after inspection, Plaintiff alleges, left him "unable to completely, honestly, and truthfully document his 2015 tax returns[,] resulting in a $5,000 loss of tax refund." *Id.* at 2.

After the TSA denied Plaintiff's $5,000 loss claim with a form letter, Plaintiff began a fruitless five-month campaign, repeatedly calling the TSA and requesting an explanation for the denial. *Id.* at 3-4. At no point, however, did Plaintiff file an administrative claim with the Internal Revenue Service ("IRS"), seeking the $5,000 tax refund. *See, e.g., Response* [#40] at 3. Indeed, Plaintiff states that he "is not seeking a tax refund but reparations for the lost property that occurred." *Id.* at 2.

At several points in his filings, Plaintiff also references an earlier TSA letter, which

---

#24, #29, #30, #31, #37, #43].

[5] Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, the Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

explains that "[t]he Federal Tort Claims Act (FTCA) . . . establishes your rights in regard to your claim." *See, e.g.*, *TSA Loss Claim Receipt* [#1] at 21. Among those rights, the TSA continues, "[i]f your complaint is denied . . . you may file suit in the appropriate District Court." *Id.*

Accordingly, in May 2017, Plaintiff filed this suit. *Id.* at 1. To support his claim, Plaintiff cites the FTCA's language, *Am. Compl.* [#27] at 2-3, providing district courts "exclusive jurisdiction of . . . claims against the United States, for money damages [for] loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

To support his FTCA damages request, however, Plaintiff relies exclusively on the $5,000 tax refund: "An example of how much monetary loss occurred is cited using the loss from the IRS. Plaintiffs [sic] person [sic] property was worth $5,000." *Response* [#40] at 2; *see also Am. Compl.* [#27] at 5 ("The state [sic] of Colorado returns indicate the same percentage discrepancies as the IRS 1040, thus a total of $5,000.00 is being sought."). Indeed, Plaintiff does not allege that TSA failed to repack (or damaged) any property other than the tax-related documents in his checked baggage.

The Government filed the present Motion [#33], seeking dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Therein, the Government argues that, under the Internal Revenue Code, "no suit seeking a tax refund, or the recovery of any sum alleged to have been excessive or in any manner wrongfully collected, may proceed until an [IRS] administrative claim for such amounts has been filed." *Motion* [#33] at 2.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(1) tests whether the Court possesses subject

matter jurisdiction to properly hear a case. Fed. R. Civ. P. 12(b)(1). As "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). For the same reason, statutes conferring subject matter jurisdiction on federal courts require strict construction. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss under Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack asserts that the complaint's allegations do not suffice to invoke federal subject matter jurisdiction, while a factual attack disputes the truth of the allegations supporting subject matter jurisdiction. *Id.* When reviewing a facial attack, as it does today, the Court limits its consideration to the complaint, accepting its allegations as true. *Id.*

### III.  Analysis

Because Plaintiff sues the United States, Plaintiff's claims raise issues of sovereign immunity. "[S]overeign immunity shields the [federal] government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Indeed, "[s]overeign immunity is jurisdictional in nature." *Id.* Thus, unless the Government waives its immunity by consenting to be sued, courts lack subject matter jurisdiction to adjudicate claims asserted against the Government. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The waiver of sovereign immunity cannot be implied, but rather must be unequivocally expressed. *Id.* at 219.

The Court first considers whether the Internal Revenue Code imposes a

jurisdictional administrative claim requirement on suits seeking tax refunds, concluding that it does, so that the Government's sovereign immunity remains in place and deprives the Court of subject matter jurisdiction absent the filing of an IRS administrative claim. Next, the Court considers under what circumstances suits qualify as "seeking tax refunds," concluding that the IRS administrative claim requirement applies to all suits seeking tax refunds, regardless of the source of the cause of action. Finally, the Court considers whether Plaintiff seeks a tax refund, finding that Plaintiff does seek a tax refund and, therefore, concluding that Plaintiff's decision not to file an IRS administrative claim deprives the Court of subject matter jurisdiction.

A.  **Jurisdictional Nature of Administrative Claim Requirement**

Unless alleged victims first file an IRS administrative claim, the Internal Revenue Code explicitly prohibits suits seeking tax refunds and, therefore, precludes the Court from exercising subject matter jurisdiction in such cases, because the Government has not waived sovereign immunity. Specifically, 26 U.S.C. § 7422(a) of the Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

In *United States v. Dalm*, the Supreme Court held that the Government does not waive sovereign immunity unless plaintiffs comply with the Code's administrative claim provisions: "For the District Court to have jurisdiction over [a] suit for refund," the Court explained, the plaintiff "was required to file a claim for refund of the tax." 494 U.S. 596, 609 (1990). The plaintiff "[h]aving failed to comply with the statutory requirements for seeking a refund," the Court declined to "go beyond the authority Congress has given us in

permitting suits against the Government." *Id.*

Decisions in the Tenth Circuit Court of Appeals follow *Dalm's* reasoning, including *Chan v. Commissioner of Internal Revenue*, where the court affirmed dismissal for lack of subject matter jurisdiction, since the plaintiff "did not file a timely refund claim with the IRS, which is a jurisdictional prerequisite to a refund suit." 693 F. App'x 752, 753 (10th Cir. 2017). In *Goodwin v. United States*, this Court held that the plaintiff's failure to "file a properly-executed refund claim" deprived the Court of jurisdiction under § 7422(a) and dismissed the suit for lack of subject matter jurisdiction under Rule 12(b)(1). No. 17-cv-02616-CMA-MEH, 2018 WL 1566836, at *3 (D. Colo. Mar. 30, 2018).

In suits seeking tax refunds, therefore, the Court may not exercise subject matter jurisdiction absent an IRS administrative claim, because the Government's sovereign immunity remains in place. Because Plaintiff has not filed an IRS administrative claim, the Court next considers under what circumstances suits qualify as "seeking tax refunds" and whether Plaintiff seeks a tax refund, himself.

**B.      Broad Applicability of Administrative Claim Requirement**

The IRS administrative claim provisions in 26 U.S.C. § 7422(a) apply broadly to suits seeking tax refunds whatever the source of the cause of action, weighing substance over form. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 9 (2008).

The Supreme Court examined § 7422(a) in *Clintwood Elkhorn Mining*, with Chief Justice Roberts writing that "[f]ive 'any's' in one sentence and it begins to seem that Congress meant the statute to have expansive reach." 553 U.S. at 7. *Clintwood* concerned the Tucker Act, which provides the Court of Federal Claims with jurisdiction over certain claims for money damages against the Government. 28 U.S.C. § 1491(a)(1). The plaintiffs' argument that they could sue "directly under the Tucker Act" for refund of certain

taxes on coal exports, the Court said, "does not matter. If the [plaintiffs'] claims are subject to [Internal Revenue] Code provisions, those claims are barred *whatever the source of the cause of action*," without an IRS administrative claim. *Clintwood Elkhorn Mining*, 553 U.S. at 9 (emphasis added).

Subsequent decisions of the Federal Circuit Court of Appeals and Court of Federal Claims, of which Defendants' Motion cites several, support *Clintwood's* broad application. *See* [#33] at 7. In *Strategic Housing Finance Corporation of Travis County v. United States*, the Federal Circuit explained that "the plain meaning of . . . § 7422(a) demonstrated that Congress required a party seeking a tax refund for *any reason* [to] fil[e] a refund claim with the IRS." 608 F.3d 1317, 1327 (Fed. Cir. 2010) (emphasis in original). The lower court in the same case—the Court of Federal Claims—similarly determined that *Clintwood* "unequivocally concludes that the jurisdictional bar contained in section 7422(a) applies *regardless of the underlying characterization of the claim*." *Strategic Hous. Fin. Corp. v. United States*, 86 Fed. Cl. 518, 544 (Fed. Cl. 2009), *vacated in part on other grounds,* 608 F.3d 1317 (Fed. Cir. 2010) (emphasis added).

Although outside the Tenth Circuit, Defendant also cites cases holding that § 7422(a) applies even when the negligence of a third party causes a tax overpayment. In *Chalfin v. St. Joseph's Healthcare System*, the plaintiffs sued their former employer, alleging the employer withheld too much tax from paychecks and failed to submit certain IRS paperwork. No. 2:14-1883 (WJM), 2014 WL 5512286, at *1 (D.N.J. Oct. 31, 2014), *aff'd*, 629 F. App'x 367 (3d Cir. 2015). There, the court held that § 7422(a) "applies to any suit seeking taxes that were erroneously collected, regardless of who is responsible for the erroneous collection." *Id.* at *3. Even though the plaintiffs traced their predicament to the employer, therefore, the court determined that "this is still a tax refund case subject to §

7422(a)." *Id.*

As the *Chalfin* opinion indicates, the Third, Fifth, and Ninth Circuits have reached similar conclusions, notably in cases where the plaintiffs sued private airline companies for erroneously charging a ten-percent "excise tax" on ticket sales. *Id.*; *see also, e.g.*, *Sigmon v. Sw. Airlines Co.*, 110 F.3d 1200 (5th Cir. 1998); *Kaucky v. Sw. Airlines Co.*, 109 F.3d 349 (7th Cir. 1997); *Brennan v. Sw. Airlines Co.* 134 F.3d 1405 (9th Cir. 1998). Even with private defendants, then, § 7422(a)'s IRS administrative claim provisions apply.

The Court, therefore, applies § 7422(a)'s IRS administrative claim provisions to all suits seeking tax refunds, whatever the source of the cause of action, weighing substance over form. Although Plaintiff cites the FTCA and makes an FTCA damages request, the Court next considers whether Plaintiff, in fact, seeks a tax refund.

**C.    Plaintiff Seeks Tax Refund**

Despite Plaintiff's adamant insistence that the factual circumstances of his FTCA suit do not implicate the Code and IRS, Plaintiff, essentially, seeks the $5,000 tax refund. *See, e.g.*, *Surreply* [#42] at 4 ("This case is about missing property not about the IRS."). To hold otherwise, the Court would weigh form over substance.

First, the amount of Plaintiff's FTCA damages request—$5,000—exactly matches Plaintiff's estimate of the unobtained tax refund. *Response* [#40] at 2. Indeed, Plaintiff admits to requesting damages based on the estimate. *See, e.g.*, *Am. Compl.* [#27] at 5 ("The state [sic] of Colorado returns indicate the same percentage discrepancies as the IRS 1040, thus a total of $5,000.00 is being sought.").

Second, Plaintiff does not allege that the tax-related documents in his checked baggage had any value beyond supporting his claim to the tax refund. Plaintiff, in other words, does not seek compensation for the value of the documents themselves, including

the value of the folders, paper, and ink; Plaintiff seeks only the tax refund, which the documents might have helped secure. It is highly unlikely that the value of the documents, themselves, would amount to anything resembling Plaintiff's $5,000 damages request.

Finally, Plaintiff does not allege that the TSA failed to repack (or damaged) any property other than the documents. If Plaintiff's $5,000 damages request also covered missing and/or damaged clothing, for example, Plaintiff might convincingly argue that he does not seek the tax refund.

Considering the plain allegations of Plaintiff's FTCA suit, however, the Court concludes that Plaintiff seeks the $5,000 tax refund. The Court next considers the implications of Plaintiff's decision not to file an IRS administrative claim, § 7422(a)'s jurisdictional nature, § 7422(a)'s applicability to all suits seeking tax refunds, and the consequences to Plaintiff's suit seeking a tax refund.

### D. The Court Lacks Subject Matter Jurisdiction

Plaintiff correctly argues that the FTCA provides district courts "exclusive jurisdiction of . . . claims against the United States, for money damages [for] loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" and, thereby, waives sovereign immunity for such claims. 28 U.S.C. § 1346(b)(1). The Internal Revenue Code, however, explicitly prohibits suits seeking tax refunds unless the plaintiff first files an IRS administrative claim. 28 U.S.C. § 7422(a); *see also Dalm*, 494 U.S. at 609. Indeed, the IRS administrative claim requirement applies broadly to all suits seeking tax refunds, "*whatever the source of the cause of action.*" Clintwood Elkhorn Mining, 553 U.S. at 9 (emphasis added). Here, Plaintiff—in substance, if not in form—seeks the $5,000 tax refund. In other words, although Plaintiff cites the FTCA as the statutory basis for his claim,

the amount and nature of Plaintiff's damages request indicate that Plaintiff seeks the $5,000 tax refund. Given Plaintiff's decision not to file the required IRS administrative claim, however, the Government's sovereign immunity remains in place and deprives the Court of subject matter jurisdiction.

## IV. Conclusion

Accordingly, for the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#33] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff's suit is therefore **DISMISSED without prejudice** under Rule 12(b)(1). *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

IT IS FURTHER **ORDERED** that the Clerk of Court shall **close** this case.

Dated: February 7, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge